James W. BECKWITH, Plaintiff,

v.

Robert E. HAMPTON et al., Defendants.

Civ. A. No. 75–1721.

United States District Court,
District of Columbia.

April 18, 1977.

John F. Bufe, Asst. Counsel, National Treasury Employees Union, Washington, D. C., for plaintiff.

Barry Satine, U. S. Civ. Service Commission, Washington, D. C., Sarah Willis Wilcox, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

SIRICA, District Judge.

This is an action in which plaintiff, James W. Beckwith, claims that his non-selection for a promotion by the United States Customs Service (USCS), a unit of the Department of the Treasury, was the product of racial discrimination. Beckwith seeks an award of retroactive promotion and back pay. The matter is presently before the Court on cross-motions for summary judgment. Both motions are submitted on the basis of the certified Administrative Record (A.R. I & II).

In 1973, plaintiff Beckwith, who is black, was employed by the USCS as a GS–9 Customs Inspector. On November 16 of that year, the USCS issued a vacancy announcement advertising a job opening for the position of GS–11 Supervisory Customs Inspector. Beckwith applied for the post and was ranked fourth among the five individuals designated by the agency as best qualified. A.R. II 32. But the selecting official awarded the position to a competing white applicant who ranked first among the five best qualified persons. A.R. I 31. Beckwith then filed an administrative complaint with the USCS, claiming that his non-selection was racially tainted in that the procedures used by the USCS in awarding the promotion were susceptible to discriminatory abuse. Beckwith pressed his claim through the appropriate channels at the USCS and Civil Service Commission (CSC). But his efforts proved to be unsuccessful in obtaining retroactive promotion and back pay. A.R. I 25–28, 66. Subsequently, however, while his administrative claim remained pending, Beckwith was promoted to a different GS–11 position with the USCS. After fully exhausting his administrative remedies, Beckwith brought suit under Section 717(c) of the Equal Employment Opportunity Act of 1972, Pub.L. 92–261, 86 Stat. 111, 42 U.S.C. § 2000e–16(c) (Supp V 1975), which amended Title VII of the Civil Rights Act of 1964, Pub.L. 88–352, 78 Stat. 255, to grant federal employees the right to bring discrimination claims against the government in United States District Courts. The complaint also rested on 28 U.S.C. § 1346 (1970) and the fifth amendment to the Constitution.[1] Named as defendants are the Chairman of the CSC, an official of the USCS and the Secretary of the Department of the Treasury.[2]

The positions of the parties in the present controversy were drawn sharply during the administrative proceedings. There, as here, Beckwith steadfastly maintained that the procedures used by the USCS in denying him promotion to the position of GS–11 Supervisory Customs Inspector were clouded with discriminatory features. The agency equally as insistently maintained that Beckwith was not the victim of racial discrimination in connection with his application for advancement and that, even if discrimination were a factor in the promotional decision, still the promotion in question was awarded to the best qualified individual.

These contentions, now urged upon the Court in the context of the instant suit, closely follow the analysis of Title VII liability undertaken in *Day v. Mathews*, 174 U.S.App.D.C. 231, 233, 530 F.2d 1083, 1085 (1976). In that case, the Court of Appeals for this Circuit adopted the reasoning of the Fifth Circuit in *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364 (5th Cir. 1974) to the effect that liability for retroactive pro-

1. Insofar as the complaint is brought pursuant to 28 U.S.C. § 1346 and the fifth amendment to the Constitution, it must be dismissed. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) establishes that Section 717(c) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c) (Supp V 1975), affords the exclusive remedy available to an individual complaining of discrimination in connection with federal employment. *Id.* at 835, 96 S.Ct. at 1969, 48 L.Ed.2d at 413.

2. In suits brought by federal employees under Title VII, the only persons who may properly be named as defendants are the heads of the department, agency or unit where the employee works. 42 U.S.C. § 2000e–16(c). This limitation eliminates Robert E. Hampton, Chairman of the CSC, as a party defendant in the instant suit.

motion and back pay depends, first, on whether unlawful discrimination is proved and, second, on whether the claimant would not have received the promotion even in the absence of discrimination. 174 U.S.App. D.C. at 233, 530 F.2d at 1085. The decision in *Day* further adopted the reasoning of the Fifth Circuit in that the Title VII claimant bears the threshold burden of making out a case of discrimination, while the employer, once discrimination is shown, bears the burden of proving "that the employee (or applicant) would not have gotten the post in any event, even absent discrimination." *Id.* Moreover, "the employee must prevail unless the employer proves its case by 'clear and convincing evidence.'" *Id., quoting, Baxter v. Savannah Sugar Refining Corp.,* 495 F.2d 437, 444–45 (5th Cir.), *cert. denied,* 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974); *Johnson v. Goodyear Tire & Rubber Co., supra,* 491 F.2d at 1374–80.

The meaning of *Day* is plain. Once the evidence establishes that discrimination played a part in the non-selection of an applicant for promotion, the Title VII claimant is far down the road towards recovering back pay and retroactive promotion. Anything less would fly in the face of the broad purposes of Title VII to root out discrimination and place advancement in federal employment strictly on the basis of merit. Yet even after discrimination is proved, the recovery of back pay and retroactive promotion is by no means certain. 42 U.S.C. § 2000e–5(g) (Supp V 1975), which was made applicable to federal employees by 42 U.S.C. § 2000e–16(d) (Supp V 1975), states that "No order of the court shall require . . . promotion of an individual as an employee, or the payment to him of any back pay, if such individual . . . was refused . . . advancement . . for any reason other than discrimination . . . ." *Id.,* 42 U.S.C. § 2000e–5(g). This is not to say that discrimination is any more tolerable where an award of back pay and retroactive promotion, as opposed to other relief, is sought. It simply means that a showing of discrimination is insufficient standing alone to justify the particular remedy of back pay and retroactive

promotion. The express terms of Title VII require a demonstration that the promotional decision was dependent on the unlawful discrimination. *Id.*

These principles were recently applied in *Copeland v. Secretary of Labor,* 414 F.Supp. 647 (D.D.C.1976). There, the employer conceded that plaintiff, a black woman, was the victim of widespread and systematic sex discrimination. So the remaining question was whether the acts of discrimination concededly directed against plaintiff were the effective causes of her non-selection for advancement. The employer, who carried the burden of proof on this issue, endeavored to show that plaintiff was denied promotion, not because of her sex, but because she lacked the qualifications, particularly experience, for advancement to the position she sought. The Court rejected this rebuttal evidence as wholly unsubstantial on the finding that the admitted discrimination not only affected the promotional decision itself, but also prevented plaintiff from getting the job-related experience she needed to compete effectively for the position. The Court concluded: "The burden the Secretary correctly assumed [citing *Day*] is, as a practical matter, almost insurmountable in this instance" in light of the nature and widespread instances of the discrimination. *Id.* at 652.

*Copeland* is not this case, however. Here, unlike in *Copeland,* the record reveals no instance where discrimination deprived Beckwith of the ability to compete for promotion on the basis of qualifications. Rather, the dispute here is simply whether the selectee possessed measurably better qualifications than Beckwith for the GS–11 position for which they both applied.

The agency found that the selecting official properly awarded the post of GS–11 Supervisory Customs Inspector to the selectee. (A.R. I 53–56). This Court agrees. A studied review of the record indicates that the credentials of the selectee were affirmatively superior to those of Beckwith, so much so, in the Court's estimation, as to remove any doubt except that the promotion at issue was awarded strictly on the

basis of merit. (A.R. II 196–98, 205–06). In terms of education, commendations and awards, all of which considerations were pertinent to the evaluation of competing applicants, the balance tilts only slightly in favor of the selectee. (A.R. II 196, 205). In terms of relevant experience, however, the background of the selectee far outshines that of Beckwith. A comparison shows that the selectee held positions of greater responsibility, at busier port facilities and for longer periods of time than did Beckwith. (A.R. II 196–97, 205–06). Moreover, at the time the GS–11 promotion was awarded, the selectee, unlike Beckwith, had already been functioning for approximately four years at a GS–11 level post with substantial supervisory duties. (A.R. II 205).

Out of this appraisal of the competing applications, the unmistakable conclusion emerges that the selectee was simply better qualified than plaintiff for the position each sought. This is not to suggest by any means that Beckwith was *un*qualified for promotion. On the contrary, the record amply demonstrates that he possessed all the necessary qualifications for appointment to GS–11 level employment. The USCS itself recognized this when, subsequent to the filing of his administrative complaint, it promoted Beckwith to a different GS–11 position. But meeting the threshold qualifications for any position is only the first step towards promotion under the merit system used in federal service. Promotions are awarded to the *best* of the qualified applicants. This may sometimes require selecting officials to draw hair-splitting distinctions between competing applicants and, where that takes place, disappointment will likely follow. But this was not a close case. In the Court's view, the agency has carried the burden imposed by *Day* of proving by clear and convincing evidence that even if discrimination were a factor in the promotional process—and the Court has assumed, without deciding, that it was—plaintiff still would not have gotten the post in any event.

Accordingly, plaintiff's motion for summary judgment must be denied, and de-fendants' motion for summary judgment must be granted.

So Ordered.